```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLOBAL DOMINION S.A.,

                Plaintiff,

-v-

FAIRPORT SHIPPING LTD. and
SEAFREEZERS S.A.,

                Defendants.

No. 09 Civ. 6938 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Global Dominion S.A. ("Plaintiff") commenced this action on August 6, 2009 by filing a Verified Complaint alleging $6,093,498.05 in damages, inclusive of interest, costs, attorneys' fees, and arbitral costs. Plaintiff alleges that Defendant Fairport Shipping Ltd. ("Fairport") breached a management agreement relating to the vessel M/V Troy, and that Defendant Seafreezers S.A. ("Seafreezers" collectively, with Fairport, "Defendants") should also be held liable for the breach.

    Before the Court is Plaintiff's August 7, 2009 application for an *ex parte* order for Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions. In support of the application, Plaintiff's counsel submitted a copy of the Verified Complaint and an affidavit.

    Plaintiff alleges that, "[a]s a manager and operator of ocean-going vessels," Fairport "will likely be making payments" and "receiving United States Dollar-denominated payments," and that "[i]t is the well-established custom and practice of the industry that management fees [are] . . . payable in United States Dollars." (Compl. ¶¶ 34-35; *see also id.* ¶ 45 (alleging that

Defendants "are believed to have or will have . . . assets within this District . . .").) On the basis of these allegations, Plaintiff requests that the Court issue an *ex parte* Process of Maritime Attachment and Garnishment permitting it to restrain *both* Defendants' assets within this District, including "all cash, goods, chattels, letters of credit, bills of lading, . . . debts, and monies, tangible or intangible, or any other funds held by any garnishee . . . ." (*Id.* ¶ B.)

Rule B of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions of the Federal Rules of Civil Procedure provides that:

> [i]f a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property . . . *in the hands of garnishees* named in the process.

Fed. R. Civ. P. Supp. Rule B(1)(a) (emphasis added). Thus, "[t]o sustain an attachment, a plaintiff must show that it has fulfilled the 'filing and service requirements of Rules B and E' and that '1) it has a valid *prima facie* admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment.'" *DSND Subsea AS v. Oceanografia, S.A. de CV*, 569 F. Supp. 2d 339, 343 (S.D.N.Y. 2008) (quoting *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006)).

The Rule plainly permits allegations based on "information and belief" relating to the requirement that "the defendant cannot be found within the district." Fed. R. Civ. P. Supp. Rule B(1)(b). It makes no such specification regarding proof of the Rule's other requirements, except that "[t]he court must review the complaint and affidavit and, if the conditions of this Rule B

2

appear to exist, enter an order so stating and authorizing process of attachment and garnishment." *Id.*; *see also Aqua Stoli*, 460 F.3d at 438.

"[I]n this Circuit . . . EFT ['electronic fund transfer'] funds in the hands of an intermediary bank may be attached pursuant to Admiralty Rule B(1)(a)." *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 277 (2d Cir. 2002). "*If [the defendant's] assets are presently located in the Southern District* and [the defendant] cannot be 'found' within the district, [the plaintiff] is entitled under Rule B to attach those assets in aid of jurisdiction and to serve as security." *Aqua Stoli*, 460 F.3d at 444 (emphasis added). "However, Rule B(1) relief is not valid where the attachment and garnishment is served before the garnishee comes into possession of the property." *ContiChem LPG v. Parsons Shipping Co., Ltd.*, 229 F.3d 426, 434 (2d Cir. 2000) (citing *Reibor Int'l Ltd. v. Cargo Carriers (KACZ-CO.) Ltd.*, 759 F.2d 262, 268 (2d Cir. 1985)).

As stated above, Plaintiff has attempted to satisfy these requirements by alleging that "[i]t is the well-established custom and practice of the industry that management fees [are] . . . payable in United States Dollars." (Compl. ¶ 35.) However, Plaintiff offers little elaboration on these allegations, and instead suggests that every named defendant in a maritime action is presumed to have assets within this District for the purposes of Supplemental Rule B. Simply put, this is not the law.

When considering these allegations, the Court is cognizant of the fact that because "'[a]n EFT may be in the possession of a financial institution for only a very short period of time,' . . . and may move through the bank 'almost instantaneously,' it follows that it would be virtually impossible for plaintiffs to attach EFTs unless garnishee banks are permitted to accept

3

continuous service . . . ." *DSND Subsea AS*, 569 F. Supp. 2d at 346 (quoting *Ullises Shipping Corp. v. FAL Shipping Co. Ltd.*, 415 F. Supp. 2d 318, 324 (S.D.N.Y. 2006) and *Winter Storm*, 310 F.3d at 278). Moreover, "[a]t the pleading stage, no obligation exists to prove anything, only to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Capitol Records, Inc. v. City Hall Records, Inc.*, No. 07 Civ. 6488 (LTS) (KNF), 2008 WL 2811481, at *5 (S.D.N.Y. July 18, 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

These considerations, however, do not absolve Plaintiff of the burden of demonstrating to the Court, as part of its showing of entitlement to the Process of Maritime Attachment and Garnishment, that Defendants' "property may be found within the district . . . ." *Aqua Stoli*, 460 F.3d at 445. In the Court's view, more is required to demonstrate a "plausible" entitlement to a maritime attachment than a conclusory allegation that Defendants "have or will having during the pendency of this action" property at any garnishee in the District.

In *Reibor International Ltd. v. Cargo Carriers (Kacz-Co.) Ltd*, for example, the court ordered the attachment based upon, *inter alia*, the allegation that specific funds would be remitted to the defendant, pursuant to a letter of credit, via a funds transfer that would pass through one of only two garnishee banks located in the District. 759 F.2d at 263-64. Plaintiff's allegations here are void of any such specificity, and on their face appear to be little more than a speculative hope that Defendants' assets, in the form of EFTs, will fortuitously appear in one of the myriad banks Plaintiff has identified in the District. In short, Plaintiff has not included

4

"enough factual matter (taken as true) to suggest" that Defendants' property may be found in the Southern District of New York. *Twombly*, 127 S. Ct. at 1965.

Additionally, Plaintiffs' factual allegations regarding the relationship between the two Defendants are insufficient to justify holding Seafreezers liable as an alter-ego of Fairport. Plaintiff has, for the most part, relied on "[t]hreadbare recitals . . . supported by mere conclusory statements" with respect to this aspect of its claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While the fact that Fairport directed third-parties to make payments directly to Seafreezers is consistent with an alter-ego relationship (*see* Compl. ¶¶ 41-43), this fact is insufficient, by itself, to adequately plead a claim against Seafreezers. Therefore, the Court finds that Plaintiff's application is deficient in this respect as well.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application for Process of Maritime Attachment and Garnishment is DENIED without prejudice. Should Plaintiff wish to renew the application for Process of Maritime Attachment, Plaintiff shall file a Verified Amended Complaint elaborating on its alter-ego theory and setting forth the bases for its belief that Defendants' property may be found within this District as well as the garnishees it seeks authorization to serve. At that time, the Court will reconsider whether the requirements of Rule B have been met;

IT IS FURTHER ORDERED THAT, no later than August 21, 2009, Plaintiff shall submit a Verified Amended Complaint or a letter advising the Court that it does not intend to renew its application for Process of Maritime Attachment; and

5

IT IS FURTHER ORDERED THAT, should Plaintiff elect to voluntarily dismiss this action, any subsequent action commenced in this District related to the same operative facts and maritime claim shall include a copy of this Order and be referred to the undersigned as a related case.

SO ORDERED.

Dated:   August 10, 2009
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE